**John BIALKO, Jr., Appellant,**

**v.**

**The QUAKER OATS COMPANY; SVC Manufacturing, Inc.,[1] Appellees.**

No. 10–2273.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 22, 2011.

Filed June 28, 2011.

---

1. Amended see Clerk's Order dated 6/15/10.

Cynthia L. Pollick, Esq., The Employment Law Firm, Pittston, PA, for Appellant.

Nancy Conrad, Esq., George C. Morrison, Esq., Mary Moore, Esq., White & Williams, Center Valley, PA, Christian M. Poland, Esq., Mary Moore, Esq., Bryan Cave, Chicago, IL, for Appellees.

Before: CHAGARES, JORDAN and GREENAWAY, JR., Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Appellant John Bialko, Jr. ("Bialko"), appeals the order of the United States District Court for the Middle District of Pennsylvania granting summary judgment for The Quaker Oats Company ("Quaker") and a related company, SVC Manufacturing, Inc. ("SVC"), on Bialko's claims of disability discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12300, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951–963, which arose out of SVC's denial of Bialko's request to work only 40 hours per week upon his return from a leave of absence based on a panic disorder. Bialko also appeals the District Court's denial of his motion to compel discovery. For substantially the reasons articulated by the District Court, we will affirm.

## I.  Background[2]

SVC was a wholly-owned subsidiary of Stokely–Van Camp, Inc., which was a wholly-owned subsidiary of Quaker Oats Company. SVC operated a manufacturing facility in Mountain Top, Pennsylvania. All hourly production employees at the facility were SVC employees governed by a collective-bargaining agreement (the "CBA"). The CBA provided that all hourly production employees must work overtime, i.e., more than 40 hours in a week, when production needs dictated.

Bialko began working as a forklift driver at the facility in 1999. In 2002, he was diagnosed as having panic and generalized anxiety disorders. On July 29, 2005, Bialko had to leave work by ambulance due to what he reported as an elevated heart rate, lightheadedness, and an inability to stand. A few weeks later, Bialko requested leave under the Family and Medical Leave Act of 1993, certifying to SVC that he occasionally had severe anxiety and panic attacks that rendered him unable to work. SVC approved Bialko's request.

In July 2006, Bialko submitted to SVC a letter from his doctor indicating that he could return to work, with the only restric-

---

**2.** Because we write only for the parties, we assume their familiarity with the facts. More detailed factual background is set forth in the District Court's thorough opinion, *Bialko v. Quaker Oats*, 2010 WL 1330285 (M.D.Pa., Mar.30, 2010).

tion being that he could not work more than 40 hours per week. SVC refused at that time to allow Bialko to return to work with the 40 hour workweek restriction.

In November 2006, Bialko submitted a complaint to the Pennsylvania Human Relations Commission, alleging that the refusal to grant him a 40–hour workweek constituted discrimination based on his medical conditions. In February 2008, Bialko sued SVC and Quaker in the District Court, alleging violations of the ADA and PHRA. In March 2010, in separate orders, the District Court both denied Bialko's motion to compel Appellees' response to certain interrogatories and document production requests and granted summary judgment for SVC and Quaker on all claims. This appeal followed.

## II. Discussion[3]

■ Summary judgment can properly be granted. when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact."[4] FED. R. CIV. P. 56(c)(2). Here, summary judgment for Quaker was proper. Bialko's

paychecks and tax forms leave no genuine dispute that he was employed by SVC, not Quaker. The evidence to which Bialko cites in arguing that there is a genuine issue of material fact as to his employer—receiving a service plaque from Quaker, having Quaker's name appear on his uniform and on a sign outside the work facility, and sending complaints to a Quaker email address—suggests only that Quaker and SVC were related entities, not that Quaker employed Bialko. The evidence also fails to show that Quaker directed SVC to deny Bialko's request for accommodation or that the two companies were otherwise so integrated as to be treated as one enterprise. The unrebutted affidavit of the SVC human resources employee who handled Bialko's requests establishes that SVC was the sole decision-maker with respect to Bialko's requested accommodations. We will therefore affirm the District Court's grant of summary judgment for Quaker.

■ Summary judgment for SVC was also proper. To succeed on his ADA and

---

3. The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment and "apply the same standard as the District Court in determining whether summary judgment was appropriate." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.2010) (citations omitted). We review for abuse of discretion a district court's denial of a motion to compel discovery. *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 354 (3d Cir.2003).

4. A factual dispute is "genuine," and thus warrants trial, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.... The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be [significantly probative] evidence on which the jury could reasonably find for the plain-

tiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) ("[A] non-moving party· ... cannot simply reassert factually unsupported allegations contained in its pleadings."). We assume that the non-moving party's allegations are true and give the non-moving party the benefit of the doubt when those allegations conflict with the moving party's claims. *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d Cir. 1995). However, summary judgment must be entered against any party unable to present sufficient evidence in support of an essential element of a claim because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

PHRA claims,[5] Bialko must show, as a threshold matter, that he is "disabled" under the ADA. *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir.2000). To be "disabled" under the ADA requires more than simply a diagnosed impairment. *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), *superseded on other grounds by* Pub.L. No. 110–325 (2008). Rather, a person must have "a physical or mental impairment that substantially limits one or more major life activities"; "a record of such an impairment"; or been "regarded as having such an impairment." 42 U.S.C. § 12102(1).

Bialko claims that his panic and anxiety disorders substantially limited him in the major life activities of working, thinking, concentrating, and socializing, but neither the law nor the record in this case supports his claim. Regarding working, Bialko's claimed inability to work overtime does not constitute a substantial limitation. *See, e.g., Cotter v. Ajilon Servs., Inc.*, 287 F.3d 593, 598 (6th Cir.2002) (stating that "inability to work overtime is not a substantial limitation on the ability to work"); *Kellogg v. Union Pac. R.R. Co.*, 233 F.3d 1083, 1087–88 (8th Cir.2000) (same); *Tardie v. Rehab. Hosp. of R.I.*, 168 F.3d 538, 542 (1st Cir.1999) (noting that a 40–hour workweek restriction is not a substantial limitation in working because it still leaves a person qualified for a broad range of jobs). Regarding thinking and concentrating, none of the documentation of Bialko's medical condition indicates that his disorders were substantially impairing his abili-

ties to think or concentrate at the time he returned to work. That is fatal to Bialko's claim, since the ADA requires that a person be substantially impaired contemporaneous with his or her seeking accommodation. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (concluding that the ADA, by its language, requires "that a person be presently—not potentially or hypothetically—substantially limited in order to demonstrate a disability"), *superseded on other grounds by* Pub.L. No. 110–325 (2008). Last, regarding socializing, Bialko's only evidence of impairment was his wife's testimony that he was disinclined to go out in public by himself or to socialize with groups of 20 to 30 people. That testimony, however, hardly portrays Bialko's condition as atypical and thus fails to show impairment under the ADA. *See* 29 C.F.R. § 1630.2(j)(1)(ii) ("An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."). Accordingly, Bialko failed to show that he is substantially limited in a major life activity. He also failed to show that SVC regarded him as having such a limitation, as the only evidence to which he cites—the paying of disability benefits under a non-ADA standard—does not, as a matter of logic, establish that SVC regarded Bialko as being substantially impaired in a major life activity.[6]

As for Bialko's retaliation claim, he failed to raise it at the administrative level

---

5. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. *See Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir.2002) (noting that the PHRA, in all "relevant respects," was

"basically the same as the ADA" and was interpreted "in accord" with the ADA and related case law, thus meaning that "disposition of [plaintiff's] ADA claim applie[d] with equal force to his PHRA claim").

6. Bialko does not argue that there was a record of him being substantially impaired.

and thus did not properly preserve it before the District Court. *See Atkinson v. LaFayette Coll.*, 460 F.3d 447, 453 (3d Cir.2006) (noting, in the context of a Title VII retaliation claim, that "the parameters of the civil action in the district court are defined by" the scope of the administrative charge and concluding that a retaliation claim that sounded in Title IX was not fairly within the scope of the EEOC's Title VII investigation and could thus properly be disposed of in defendant's favor). Summary judgment in SVC's favor on the retaliation claim, then, was appropriate.

■ Finally, with respect to Bialko's motion to compel discovery, the record reveals that Bialko's counsel contravened Rule 37 of the Federal Rules of Civil Procedure by filing the motion without first having attempted to confer in good faith with Appellees' counsel regarding the pending discovery requests. Moreover, the District Court noted that the requests were, among other things, either duplicative of information that had already been disclosed or were patently overbroad. We cannot say that the District Court abused its discretion in those rulings.

## III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.